# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CALVIN JAMES,             )
                              )
       Plaintiff,         )
                              )
v.                        )         CV420-169
                              )
CHATHAM COUNTY SUPERIOR  )
COURT,                  )
et al.,                    )
                              )
       Defendants.     )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a federal inmate, has submitted what appears to be a 42 U.S.C. § 1983 Complaint false arrest and malicious prosecution. *See* doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. After reviewing plaintiff's application, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent

of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id.* The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the PLRA now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996 are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the Complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

2

The PLRA also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.   The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Because of these legal parameters, the Court will give plaintiff an opportunity, at this time, to voluntarily dismiss the Complaint pursuant to Fed. R. Civ. P. 41(a)(1).   Such a voluntary dismissal will not require

---

[1]  Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court.   28 U.S.C. § 1914.   Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit.   *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).   Short of that, the court dismisses the Complaint without prejudice.   *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

plaintiff to pay the filing fee or count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g).

**IT IS HEREBY ORDERED** that:

(1)    Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months.   The trust officer will complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court.   Two copies of the form are enclosed for this purpose.

(2)    Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**.   By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)    Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within fourteen days of the date this Order is served.

The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.

Plaintiff shall have fourteen days from the service of this Order to fill out and return **both forms**.   Once plaintiff has complied with the conditions of this Order, the Court will review plaintiff's Complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the Complaint.   If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed.

**Failure to comply with this Order within fourteen (14) days of the date this Order is served shall result in the recommendation of dismissal of plaintiff's case, without prejudice.**

In addition to granting leave to proceed IFP in this case the Court must also put plaintiff on notice.   Plaintiff has filed, by last count, no fewer than twenty-four cases (some habeas, and some § 1983) since he was first indicted in this Court.   Each of them purports to challenge some aspect of his criminal prosecution, but many are untimely or

meritless.   *See, e.g.*, James v. U.S. Marshal, Case No. CV419-062.   In others, plaintiff has failed to comply with Court orders to return forms or pay his fees.   *See, e.g.*, *James v. Christine*, Case No. CV418-293; *James v. Christine*, Case No. CV 418-306; *James v. Gammon*, Case No. 418cv307.   His conduct in all of his cases demands a more robust response.   "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."   *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (*en banc*). Plaintiff's penchant for filing meritless or repetitive cases is abusive.   It will no longer be tolerated.

As James has displayed a willingness to abuse the courts, filing restrictions are appropriate.   It is well-settled that the Court has the authority to protect itself against persistently frivolous litigation.   Such filings, like James', do nothing but impair this Court's ability to adjudicate the legitimate claims of other litigants, and the Court has the power and obligation to protect itself.   *See, e.g., Procup*, 792 F.2d at 1073–74 (*en banc*).   It is **RECOMMENDED** that the following

restrictions should apply to all pending and future filed civil litigation
(excluding habeas) initiated by James in this district:

1. James is enjoined from bringing any civil actions *in forma pauperis*
   ("IFP") under 28 U.S.C. § 1915 in this district, except he may bring
   a civil action asserting that he "is under imminent danger of serious
   physical injury."   28 U.S.C. § 1915(g).

2. As to any civil actions sought to be commenced IFP by James after
   this date, the Clerk shall receive the papers, open a miscellaneous
   file for tracking purposes, and forward the papers to the presiding
   judge in this case for screening under § 1915(g).   Only if the
   complaint alleges a *plausible* claim that he is in imminent danger
   of serious physical harm will the court allow the complaint to be
   filed.   IFP complaints that fail to assert an imminent danger claim,
   or that merely incant the phrase "imminent danger" without
   making a colorable showing that plaintiff faces an actual threat of
   such harm, will be dismissed *without any further judicial action*
   after 30 days from the date the complaint is received by the Clerk
   unless the Court orders otherwise.   This automatic dismissal of
   claims that do not pass muster under § 1915(g) "will reduce the

burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (Easterbrook, J.). Thus, although the Court will read and consider any future Complaint that plaintiff endeavors to file, it will not necessarily enter an order addressing it.   If no order is forthcoming, then 30 days after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify James that his case has been dismissed without prejudice.[2]

3. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal.   Any papers other than a notice of appeal shall be returned to James unfiled.   If James files a notice of appeal, the Clerk shall forward a copy of this Report and Recommendation, the

---

[2] Any cases dismissed in this manner may be resubmitted for filing *provided* James pays the filing fee.   The Clerk shall use the attached Notice when communicating with James.   So long as James remains in prison, any fee-paid cases, or cases alleging imminent harm, will be subject to the same screening under the miscellaneous case number pursuant to 28 U.S.C. § 1915A (courts must screen all prisoner complaints seeking redress from a government entity or official and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

order adopting it, the notice of appeal, and the dismissed complaint to the Court of Appeals.    James shall remain responsible for appellate filing fees or he may move this Court to grant *in forma pauperis* status on appeal.

4. To ensure that all future pleadings filed by James are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by James are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

5. James may file a motion to modify or rescind the imposition of these restrictions no earlier than two years from the date of this Report and Recommendation.

6. These filing restrictions do not apply to any criminal case in which James is named as a defendant or to any proper application for a writ of *habeas corpus*.[3]

---

[3] The Court has been successfully managing other serial filers with this method. *See, e.g. Oliver v. Lyft. Inc.*, CV4:19-063, doc. 113 (S.D. Ga Oct. Sept. 13, 2019) *adopted Oliver v. Lyft*, 2019 WL 5390012 (S.D. Ga. Oct. 21, 2019); *Williams v. Darden*, 2016

7.  Plaintiff must attach to any Complaint he files a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

8.  These requirements shall apply to any action transferred or removed to this Court, which James files in another United States District Court or state court.   Upon the docketing of the notice of removal or order transferring the case, the Clerk shall notify James of his obligation by serving a copy of this Report and Recommendation and the District Judge's final Order upon him.   If James fails to post the required bond within fourteen days of service of the notice of removal or the transfer order, the Clerk shall follow the procedures outlined above for cases filed without a contempt bond.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party

---

WL 6139926 (S.D. Ga. Oct. 21, 2016); *Fields v. Terminal*, 2016 WL 823020 (S.D. Ga. Feb. 26, 2016); *Hurt v. Zimmerman*, CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014).

may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED,** this 18th day of September, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

IN RE: CALVIN JAMES,           )
                               )      Case No. MC _____
                               )

## NOTICE

**TAKE NOTICE** that the complaint you filed *in forma pauperis* on

_____ has been **DISMISSED WITHOUT PREJUDICE**

pursuant to 28 U.S.C. § 1915(e) and this Court's Order of _____.

The complaint, a copy of which is attached hereto, has been docketed in

the captioned miscellaneous case file – document number _____.    No

further action will be taken on the complaint.   The complaint may be

resubmitted for filing with the payment of the full filing fee.



JOHN E. TRIPLETT

By:   _____
         Acting Clerk

Date:_____

12