IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CALVIN JAMES

    Plaintiff,

v.

CHATHAM COUNTY SUPERIOR COURT,
et al.,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-169

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's September 4, 2020, Report and Recommendation in which the Magistrate Judge recommended imposing filing restrictions, (doc. 4), and which directed plaintiff to return certain forms. Plaintiff has filed objections. (Doc. 6.) Plaintiff argues in those objections that the Court cannot impose filing restrictions on him because he does not have "three strikes" under Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). (Id. at 4.) However, Plaintiff misapprehends the rationale of the Magistrate Judge's Report and Recommendation. Even in the absence of PLRA's filing restrictions the Court has an independent ability to protect itself from "conduct which impairs [its] ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*). Here, Plaintiff has filed well over twenty cases and in many of them has raised untimely or meritless claims, and in others has refused to comply with the Court's orders to return his forms or pay fees. As the Magistrate Judge noted, this abusive conduct is the exact type of behavior which warrants the imposition of filing restrictions. Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the

1

Report and Recommendation, (doc. 4), as its opinion and imposes those restrictions adopted in outlined in the Magistrate Judge's Report and Recommendations.

Plaintiff's tactics extend even to this case. Specifically, although plaintiff objected to the imposition of filing restrictions, plaintiff *also* failed to comply with the Court's order to return his PLRA forms. The Court forewarned Plaintiff in its September 18, 2020 Order that Plaintiff's failure to return these forms within fourteen days shall result in the dismissal of his case. (Id. at p. 5.) The deadline for Plaintiff to provide those forms passed long ago, and Plaintiff has entirely failed to comply with the Court's directive or to seek additional time to do so. This Court has the authority to prune cases from its docket where parties fail to prosecute and fail to comply with its Orders. See L.R. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); Floyd v. United States, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, the Court hereby **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** for failure to prosecute and failure to follow the Court's Order. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 23rd day of December, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA